In the Matter of the Application of EDWARD A. KERTSCHER and HERMAN KERTSCHER, Individually, and as Two of the Executors, etc., of EDWARD H. A. KERTSCHER, Deceased, Respondents, for a Construction of the Last Will and Testament of HERMAN KERTSCHER, Deceased. FLORENCE P. KERTSCHER, Executrix and Legatee under the Last Will and Testament of EDWARD H. A. KERTSCHER, Deceased, Appellant.— Decree construing the will of Herman Kertscher, deceased, unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Glennon, Untermyer, Dore and Cohn, JJ.

JOSEPH FOA and PETER GIOVANOLA, Appellants, v. BANCA COMMERCIALE ITALIANA TRUST COMPANY and ALFONSO FACCHETTI-GUIGLIA, Respondents.— The complaint demands judgment declaring a loan of $100,000 made by defendant Facchetti-Guiglia to plaintiffs, secured by four bonds and mortgages of the aggregate face value of $100,000, to be usurious and void; that said bonds and mortgages be surrendered to plaintiffs without payment; and for other relief. Judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Glennon, Untermyer, Dore and Cohn, JJ.

JOHN A. RYAN, as Administrator, etc., of MARY A. RYAN, Deceased, and DAVID BROTHERS, Respondents, v. BANKERS INDEMNITY INSURANCE COMPANY, Appellant.—Action upon a policy of automobile liability insurance issued by defendant to one McCoppen, brought under the provisions of section 109 of the Insurance Law. Plaintiffs recovered judgments against McCoppen in an action for damages for the death of Mary A. Ryan and for personal injuries sustained by David Brothers, upon which executions were returned unsatisfied. Judgment unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Glennon, Untermyer, Dore and Cohn, JJ.

CHARLES KURLAN, as Receiver of FANTASY FROCKS, INC., Respondent, v. ARTHUR COHEN, Appellant.—In November, 1933, one Irving E. Augenblick, president of Fantasy Frocks, Inc., drew a check without authority of Fantasy Frocks, Inc., upon the latter's bank account for $3,000, and as president jointly with Morris M. Goldberg, as treasurer, signed said check and caused it to be indorsed to the order of defendant and delivered to defendant in part payment of Augenblick's personal indebtedness to defendant. Thereafter said check was paid to defendant out of the funds in the bank account of said corporation. It is alleged that defendant knew the $3,000 were funds of the corporation. Upon learning of said payment, Fantasy Frocks, Inc., disaffirmed payment of the $3,000 and demanded it back, but defendant refused to pay same. Plaintiff brought this action to recover said sum. Judgment on verdict in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Martin, P. J., Glennon, Untermyer, Dore and Cohn, JJ.